IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**TERRY LYNN BARBER**                                                                    **PLAINTIFF**

**V.**                                                                    **NO. 3:24-CV-157-DMB-JMV**

**STATE OF MISSISSIPPI, et al.**                                                                    **DEFENDANTS**

## ORDER

Terry Lynn Barber sued several Mississippi State Parole Board members and Mississippi Department of Corrections employees, alleging 42 U.S.C. § 1983 claims. Because Barber fails to state a claim upon which relief can be granted, this case will be dismissed.

## I
## Background and Procedural History

On June 23, 2024, Terry Lynn Barber, a prisoner in the custody of the Mississippi Department of Corrections,[1] filed an amended pro se complaint in the United States District Court for the Northern District of Mississippi against Parole Board Chairman Jeffery Belk; Parole Board Members James R. Cooper, Anthony L. Smith, and Marlow Stewart; Administrative Remedy Program Team Lead Brennetta Hoskins; and Administrative Remedy Program Administrator Anthony Harris,[2] asserting claims under 42 U.S.C. § 1983. Doc. #7. Barber alleges that his January 29, 2021, parole revocation was unlawful because he was not given a preliminary hearing and it occurred more than thirty days after his arrest, and that his January 25, 2022, parole

---

[1] Doc. #7 at PageID 39, 48.

[2] Barber filed his original complaint on May 28, 2024, against the State of Mississippi; Governor Tate Reeves; Attorney General Lynn Fitch; DeSoto County Circuit Court Judge Gerald W. Chatham, Sr.; Belk, Cooper, Smith, Stewart, Hoskins, and Harris. Doc. #1. Because Barber was incarcerated when he filed this action, the Prison Litigation Reform Act ("PLRA") applies to his claims. 42 U.S.C. § 1997e(a); *see Williams v. Henagan*, 595 F.3d 610, 619 (5th Cir. 2010) (PLRA applies if inmate incarcerated when suit filed, even if released from incarceration during pendency of suit).

revocation was unlawful because it was based on the same violation as the prior revocation, which, according to Barber, amounts to violations of "M.R.C.P. 5.2 Miranda Right – Police Policy Function," "5th Amendment (Double Jeopardy)," and "Ms. Code Ann. § 47-7-37(10)." *Id*. at PageID 40, 41, 42.

On October 3, 2024, United States Magistrate Judge Jane M. Virden ordered Barber to show cause within twenty-one days why his case should not be dismissed with prejudice for failure to state a claim. Doc. #10. Barber filed a "Response for the Plaintiff to Show Cause Why the Instant Case Should Not Be Dismissed with Prejudice for Failure to State a Claim Upon Which Relief Should Be Granted" on or about October 28, 2024. Doc. #11.

**II**
**Discussion**

Barber's response to the order to show cause does not address the issues identified in the order to show cause. Rather, in his show cause response (and throughout his complaint), Barber claims that the defendants violated state law by revoking his parole. However, the violation of state law alone does not give rise to a cause of action under § 1983.[3] *Williams v. Treen*, 671 F.2d 892, 900 (5th Cir. 1982). Nor does Barber state a § 1983 claim based on a violation of the Fifth Amendment's Double Jeopardy Clause because double jeopardy does not apply to parole revocation proceedings. *Fillingham v. United States*, 867 F.3d 531, 538 (5th Cir. 2017) (citing *United States v. Whitney*, 649 F.2d 296, 298 (5th Cir. Unit B 1981)). And because parole is

---

[3] To the extent Barber relies on Mississippi Rule of Criminal Procedure 5.2—which specifies the requirements for an initial appearance, including that "the judge shall … advise the defendant of … the right to remain silent and that any statements made may be used against the defendant," MISS. R. CRIM. P. 5.2(a)(5)(A)—it is unclear why it concerns Barber's parole claims. The same is true for Mississippi Code § 47-7-37(10)—which provides that "[u]nless good cause for the delay is established in the record of the proceeding, the probation revocation charge shall be dismissed if the revocation hearing is not held within thirty (30) days of the warrant being issued"—because Barber complains about parole, not probation. *See Moore v. State*, 585 So. 2d 738, 740 (Miss. 1991) ("There is a distinction between release on probation by the circuit or county courts, … and release on parole by the State Parole Board.").

2

discretionary in Mississippi, "[t]he Mississippi [parole] statutes do not create a liberty interest, and federal due process rights are not implicated by the denial of parole and the procedures by which parole is denied." *Smith v. Miss. Parole Bd.*, 478 F. App'x 97, 98–99 (5th Cir. 2012). For these reasons, Barber fails to state a § 1983 claim against the defendants.[4]

### III
### Conclusion

This case is **DISMISSED with prejudice**.

**SO ORDERED**, this 6th day of April, 2026.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[4] Barber's allegations are less than clear and could be construed as seeking a writ of habeas corpus under 28 U.S.C. § 2254. Such a request would be futile for the reasons explained above. *See Wansley v. Miss. Dep't of Corr.*, 769 F.3d 309, 312–13 (5th Cir. 2014) (no federal habeas relief based on Mississippi parole revocation proceedings).